IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

CIVIL ACTION NO. 1:17-cv-611 (WOB-KLL)

SHERRY LAAKE, PLAINTIFF

VS. MEMORANDUM OPINION AND ORDER

THE BENEFITS COMMITTEE,
WESTERN & SOUTHERN FINANCIAL
GROUP COMPANY FLEXIBLE BENEFITS
PLAN, ET AL. DEFENDANTS

This long-term disability benefits (LTD) case is before the Court on Plaintiff's Motion for Prejudgment Interest and Attorney's Fees and Costs. (Doc. 115).

On November 6, 2021, this Court issued its Memorandum Opinion and Order, (Doc. 114), granting Plaintiff LTD benefits, statutory penalties, and attorney's fees through January 24, 2020. The Court gave Plaintiff through December 1, 2021, to file any remaining motions before entering its final judgment. Plaintiff timely filed her Motion for Prejudgment Interest and Attorney's Fees and Costs, (Doc. 115), and Defendants filed their response. (Doc. 119). Having reviewed this matter, the Court now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

The factual and procedural background relating to the merits of this case is described in greater detail in the Court's previous Memorandum Opinion and Order. (Doc. 114). In that Order, the

1

Court was evaluating the parties' Cross-Motions for Judgment on the Administrative Record, (Docs. 94; 95), Plaintiff's Motion for Summary Judgment, (Doc. 98), Plaintiff's Motion to Strike Deposition Errata Sheets, (Doc. 101), and Plaintiff's Motion and Supplemental Motion for Attorney's Fees and Costs. (Docs. 31; 40).

The Court denied Defendants' Motion for Judgment on the Administrative Record and granted Plaintiff's Motion awarding LTD benefits. The Court denied Plaintiff's Motion for Summary Judgment because it was untimely, but still awarded statutory penalties. The Court further denied Plaintiff's Motion to Strike as moot, but nonetheless noted the egregious nature of Defendants' errata sheet corrections. Finally, the Court awarded Plaintiff $108,394.47 in attorney's fees and costs for work done through January 24, 2020. (*See generally* Doc. 114).

Plaintiff has since filed an additional Motion for Prejudgment Interest and Attorney's Fees and Costs for the work her counsel performed beyond January 24, 2020. (Doc. 115). In the Motion, Laake asks the Court to award 6.2% in prejudgment

interest for the LTD benefits, $182,547.50 in attorney's fees, and $2,600.70 in legal costs. (*Id.* at 4).[1]

Defendants oppose an award of any additional attorney's fees, but argue that should the Court grant Plaintiff's Motion, the fees should at least be reduced. (Doc. 119). Specifically, they argue that Laake's attorney billed an unreasonable number of hours, many of which were devoted to unsuccessful issues. They also argue that Laake's attorney's time sheets are impermissibly vague, and they attempt to recover for clerical tasks. Further, they argue that the 6.2% percent prejudgment interest rate Plaintiff proposes is too high, and the Court should instead apply the rate set forth by 28 USC § 1961—which would allow for roughly 1.2% in prejudgment interest.

### *ANALYSIS*

### **A. Prejudgment Interest**

The Court begins by evaluating the parties' arguments for the proper prejudgment interest rate. Courts may award prejudgment

---

[1] Shortly after Plaintiff filed this Motion, (Doc. 115), Defendants filed an appeal with the Sixth Circuit. (Doc. 117). "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). However, "the district court retains jurisdiction over an action when an appeal is untimely, is an appeal from a non-appealable non-final order or raises only issues that were previously ruled upon in that case by the appellate court." *Id.* at 394-95 (citing *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986). The Court has not yet entered an appealable final judgment; therefore, this Court retains jurisdiction to adjudicate this motion despite the docketed appeal.

3

interest to "compensate plaintiffs for the lost interest value of money wrongly withheld." *Schumacher v. AK Steel Corp. Retirement Accumulation Pension Plan*, 711 F.3d 675, 686 (6th Cir. 2013). An award that is too high may "contravene ERISA's remedial goal of simply placing the plaintiff in the position he or she would have occupied but for the defendant's wrongdoing." *Id.* But an "exceedingly low prejudgment interest rate fails to make the plaintiff whole." *Id.* Although courts often apply the statutory prejudgment interest rate under 28 USC § 1961(a), such a "mechanical application of the rate . . . amounts to an abuse of discretion."[2] *Id.*

The Sixth Circuit has instructed courts to consider case-specific factors when determining the appropriate prejudgment interest rate. These factors include the remedial goal of making the plaintiff whole, the prevention of unjust enrichment on behalf of the wrongdoer, the lost interest value of money wrongly withheld, and the rate of inflation. *Id.* at 687. Still, "district courts may fashion an award in their sound discretion." *Id.*

Applying these principles, the Court finds that the 1.2% prejudgment interest rate under § 1961 is too low to properly

---

[2] Plaintiff argues that the Court should apply the interest rates set forth by Ohio law. This position is not consistent with Sixth Circuit precedent. *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 985 (6th Cir. 2000) ("Among the constraints on a district court's discretion to shape an award of prejudgment interest in an ERISA case is the fact that we look with disfavor on simply adopting state law interest rates. ERISA is not an area primarily of state concern.").

4

compensate Plaintiff. Defendants specifically request the Court to award interest rates of 2.33% (2018), 2.05% (2019), 0.37% (2020), and 0.09% (2021). The Court declines to do so.

First, Plaintiff was forced to forgo certain treatments for her pain because she could not afford them due to Defendants' denial of LTD coverage. (Doc. 77 at 19; 286). Thus, a mere 1.2% interest rate does not go far enough to make Plaintiff whole. Second, the rates set forth in § 1961 would allow Defendants to benefit from historically low treasury bond rates, which would lead to unjust enrichment.[3] Third, a 1.2% prejudgment interest rate also does not compensate for the lost interest value for the time it was wrongly withheld. *See Schumaker*, 711 F.3d at 686–87 ("A district court's award of prejudgment interest that only compensated the plaintiffs for the rate of inflation constituted an abuse of discretion where it failed to adequately compensate them for the lost use of their money."). Fourth, the increasing rate of inflation, now upwards of 7%, warrants a higher award of prejudgment interest.[4]

However, the Court also finds that a 6.2% prejudgment interest rate transforms the award from compensatory to punitive in nature.

---

[3] *See* U.S. Dep't of the Treasury, Daily Treasury Par Yield Curve Rates (2022), https://www.treasury.gov/resource-center/data-chart-center/interest-rates/pages/textview.aspx?data=yield.

[4] *See* U.S. Bureau of Labor Statistics, Consumer Price Index: 2021 in Review (2022), https://www.bls.gov/opub/ted/2022/consumer-price-index-2021-in-review.htm.

5

*See Masters v. Supp. Exec. Retirement Plan for Auto. Packaging Sys. Inc., et al.*, No. 5:07-cv-1826, 2009 WL 1183377, at *2 (N.D. Ohio May 1, 2009). Therefore, having considered the four factors, the Court grants Plaintiff an award of 3.5% prejudgment interest, compounded annually. This rate more closely reflects the § 1961 rates before they significantly dropped, while still taking into consideration the rapid rate of inflation the U.S. dollar has undergone in recent years. This 3.5% rate is reasonable considering the circumstances and will compensate Plaintiff for the loss of her disability benefits to which she is legally entitled. *Id.; see also Herring v. SCI Tenn. Funeral Servs., LLC*, No. 2:15-cv-280, 2018 WL 4869166, at *2 (E.D. Tenn. Apr. 2, 2018) (awarding 5% prejudgment interest when § 1961 was too low). The Court does not find that this amount of prejudgment interest constitutes a windfall for either party.

### B. Attorney's Fees

Plaintiff also moves the Court to award her attorney's fees for the work her counsel performed after January 24, 2020. The Motion requests payment in the amount of $182,547.50 for 599.2 attorney hours and 21.4 paralegal hours. (Doc. 115-1, Danzl Decl. at ¶¶ 11; 16). Defendants argue that the number of hours worked was unreasonable and should be reduced. As explained further below, while Plaintiff is entitled to additional attorney's fees, the Court agrees with Defendants that a reduction is warranted.

6

As a threshold matter, the Court applies a two-part test to determine whether an award of attorney's fees is appropriate. First, courts consider whether the plaintiff has achieved some degree of success on the merits. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010). Next, in the Sixth Circuit, courts consider the following five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan; and (5) the relative merits of the parties' positions. *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). The Court has already analyzed these factors in its previous Memorandum Opinion and Order, (Doc. 114), and hereby incorporates its reasoning by reference and finds that Plaintiff is entitled to attorney's fees.

Once courts decide to award attorney's fees, they must then consider "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). "The most useful starting point . . . is the number of hours reasonably expended on

the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Court has already found that Counsel Claire Danzl's rate of $300 per hour was reasonable given her experience and the specialized nature of ERISA litigation. (Doc. 114 at 39). On January 1, 2021, Ms. Danzl's rate increased to $350 per hour, which the Court also finds reasonable given her experience as an ERISA litigator.[5] *See e.g.*, *Palombaro v. Emery Fed. Credit Union*, No. 1:15-cv-792, 2018 WL 5312687, at *6 (S.D. Ohio Oct. 25, 2018) (allowing a $350 rate for an attorney with twelve years of ERISA experience). The Court, however, reduces the paralegal rate to $50 an hour. Counsel's paralegal, Cali Mallone, is still a student, and the Court finds it is unreasonable to for her to bill at the same rate as a seasoned paralegal. *See Castro v. Los Camperos, Inc.*, No. 2:13-cv-1186, 2014 WL 4626292, *4 (S.D. Ohio Sept. 15, 2014).

The Court next turns to whether the number of hours billed is the number of hours that an attorney would reasonably expend on the litigation. "Context informs the time and labor required by this case." *Javery v. Lucent Techs. Inc. Long-Term Disability Plan for Mgmt. or LBA Emps.*, No. 2:09-CV-8, 2014 WL 2779427, at *6 (S.D. Ohio June 19, 2014). It is worth noting that this case has

---

[5] To clarify, the increased rate can only be applied prospectively for hours billed after January 1, 2021.

8

been quite unusual in that the case was remanded, appealed, reopened, and now appears positioned for another appeal. Such a hard-fought case is much more time-consuming and labor-intensive than the typical disability case. Accordingly, the Court considers the "reasonableness" prong with this context in mind.

One of the more significant issues the Court finds with Plaintiff's request for attorney's fees is that she seeks to recover for her time prosecuting issues and claims which were unsuccessful and, in some instances, unnecessary. *See Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). For example, Ms. Danzl spent roughly 50.3 hours on her untimely Motion for Summary Judgment for her statutory penalties claim. (Doc. 115 at 27–32). She also spent nearly 45 hours on discovery objections that were readily discounted by Magistrate Judge Bowman. (*Id.* at 26–27). Additionally, she seeks to recover 4 hours for a motion for leave because she initially filed the exhibits incorrectly, (*Id.* at 25), as well as 5 hours for a motion to compel that was never actually filed. (*Id.* at 21). The Court cannot allow Plaintiff to recover for such unsuccessful and unnecessary expenses.

The Court also finds issue with the sheer number of hours Plaintiff's counsel spent on many of her motions. The Court finds it was unreasonable for Plaintiff's counsel to spend 154.4 hours on Cross-Motions for Judgment on the Administrative Record. Much of the work billed for these motions are excessive, duplicative,

9

and unnecessary. *Compare Rist v. Hartford Life and Acc. Ins. Co.*, No. 1:05-cv-492, 2011 WL 6101633, *5 (S.D. Ohio Nov. 14, 2011) (finding 97.7 hours working on dispositive motions was reasonable) *with Citizens for Cmty. Values, Inc. v. Upper Arlington Pub. Library Bd. of Trs.*, No. C-2-08-223, 2010 WL 1253892, at *7 (S.D. Ohio Mar. 24, 2010) (reduction of 233.5 hours appropriate for unnecessary and redundant work). For example, on more than one occasion, Plaintiff's counsel billed 36 minutes to draft an unopposed motion for extension of time. (Doc. 115-1 at 16; 26). Additionally, the Court notes that counsel repeatedly spent excessive hours preparing for depositions. (*Id.* at 23-24). It is not reasonable for the Court to award these fees, and accordingly the ultimate award must be reduced.

Furthermore, the Sixth Circuit limits the recovery of fees for work on a motion for attorney's fees to "three percent of the hours in the main case which is decided without trial." *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005). Plaintiff's current requests exceed this limitation. (Doc. 115-1 at 32). Plaintiff has requested repayment for nearly 55 hours in drafting her various motions for attorney's fees. (Docs. 31; 40; 115). Though the Court acknowledges the laborious nature of this lawsuit, the Court cannot grant such a high "fees for fees" request. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007).

The Court has broad discretion to reduce the amount of hours Plaintiff may recover. The Court need not parse through every entry—rather the court "must simply do rough justice." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (internal quotations omitted); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("The court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from fee application."). District courts can apply their own observations of counsels' conduct over the course of litigation to gauge what is reasonable. *Tyson v. Al Chami*, 659 F. App'x 346, 348 (6th Cir. 2016).

Here, the Court acknowledges the very contentious nature of this litigation. The Court specifically makes note of Defendants' dilatory tactics and poor conduct throughout the course of this now five-year long case. The Court recognizes the need to compensate Plaintiff's counsel for her work, particularly given this Court's previous findings. (Doc. 114). However, for the reasons articulated above, Plaintiff cannot recover all the fees she requests. The Court therefore finds an overall reduction of 33% is appropriate. Such an amount will fairly compensate Plaintiff's counsel for her work in this arduous case, while not unfairly penalizing Defendants.

### C. Costs

Defendants argue that Laake cannot recover her deposition costs because they were not "reasonably necessary for use in the case." *See Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997). The Court finds the deposition costs were reasonably necessary to show how Laake's claim was administered internally within W&S. The deposition testimony revealed procedural issues at W&S that entitled Laake to *de novo* review. (Doc. 114 at 13-17). Accordingly, the deposition costs are reasonable.

### *CONCLUSION*

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that:

(1) The Court **GRANTS IN-PART** and **DENIES IN-PART** Plaintiff's Motion for Prejudgment Interest and Attorney's Fees and Costs. (Doc. 115).

(2) The Court **GRANTS** Plaintiff 3.5% in prejudgment interest compounded annually, calculated from October 16, 2018 until November 5, 2021.

(3) The Court **DENIES** Plaintiff's request for a paralegal rate of $125 per hour and reduces the awarded paralegal rate to $50 per hour worked.

(4) The Court **GRANTS** Plaintiff request for attorney's fees, but reduces the overall amount by 33% from the

12

        $182,547.50 requested.

(5) The Court **GRANTS** Plaintiff the costs requested in her Motion in the amount of $2,600.70.

(6) Plaintiff shall file a proposed judgment with the Court **ON OR BEFORE MONDAY, FEBRUARY 7, 2022.** Defendants shall file any objections to the proposed judgment **ON OR BEFORE MONDAY, FEBRUARY 14, 2022.**

This 31st day of January 2022.



Signed By:
<u>William O. Bertelsman</u> WOB
United States District Judge