UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sherry Laake,

        Plaintiff,

v.

Western & Southern Financial Group
Company Flexible Benefits Plan, et al.,

        Defendants.

Case No. 1:17-cv-00611

Judge William O. Bertelsman

Magistrate Judge Karen L. Litkovitz

**DEFENDANTS' MOTION FOR STAY OF EXECUTION PENDING APPEAL AND APPROVAL OF SUPERSEDEAS BOND**

      Under Fed. R. Civ. P. 62(b), Defendants Western & Southern Financial Group Company Flexible Benefits Plan and The Benefits Committee, Western & Southern Financial Group ("Defendants") request an order approving the supersedeas bond that Defendants have filed, *see* Exhibits 1-2, and staying execution of the judgment that the Court entered on March 2, 2022, pending resolution of Defendants' appeal. Plaintiff is unopposed to Defendants' motion to stay the part of the Court's judgment awarding Plaintiff $380, 370.45. Plaintiff is opposed to Defendants' motion to stay the part of the Court's judgment ordering Defendants to "immediately reinstate Plaintiff's LTD benefits and continue to pay her under the terms of the Plan for as long as she remains disabled." A memorandum in support is attached for the Court's consideration.

Respectfully submitted,

/s/Eric. W. Richardson
Eric W. Richardson (0066530)
Trial Attorney
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45201
Phone: (513) 723-4019
Fax: (513) 852-7885
ewrichardson@vorys.com
wrabrams@vorys.com

*Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

On November 5, 2021, this Court entered a Memorandum Opinion & Order granting Plaintiff's Motion for Judgment on the Administrative Record, granting Plaintiff statutory penalties under 29 U.S.C. § 1132(c), denying Defendants' Motion for Judgment on the Administrative Record, and granting Plaintiff's Motion for Attorney Fees and Supplemental Motion for Attorney's Fees. Doc. 114. Defendants timely filed a notice of appeal on December 3, 2021. Docs. 116, 117. On March 2, 2022, this Court entered a judgment in Plaintiff's favor in the amount of $380,370.43. Doc. 132. Defendants timely amended their notice of appeal on March 3, 2022. Doc. 133. On March 23, 2022, Defendants posted a supersedeas bond from Travelers Casualty and Surety Company of America for the full amount of the Court's judgment, as well as 12 months of additional disability benefits and post-judgment interest. Exhibits 1-2.

Under Fed. R. Civ. P. 62(b), Defendants are entitled to an automatic stay of execution of the Court's judgment. A party appealing a decision by a federal district court "is entitled to a stay of a money judgment as a matter of right if he posts bond." *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3 (1966); *Kidis v. Reid*, No. 19-1673, 2020 U.S. App. LEXIS 263, at *1 (6th Cir. Jan. 6, 2020) (same). "Rule 62(b) protects both parties' interests, as it ensures that the prevailing party will recover in full if the decision is affirmed, while protecting the other side against a risk that it will not be able to recover any payment made in the event a decision is reversed." *Sofco Erectors, Inc. v. Trs. of the Ohio Operating Eng'rs Pension Fund*, No. 2:19-cv-2238, 2021 U.S. Dist. LEXIS 43015, at *4 (S.D. Ohio Mar. 8, 2021) (citations omitted). "A district court cannot deny the stay itself, but has discretion to fix the amount of the bond or waive the bond requirement." *Id.* at *4-5 (citation omitted).

For example, in *Sofco Erectors*, the defendant posted a supersedeas bond in the full amount of the judgment and moved to stay. *Id.* at *5. The Court approved the bond and granted the motion, finding that "posting of a supersedeas bond in the amount of the judgment is appropriate." *Id.* at *5-6. Also, in *Maxum Indem. Co. v. Drive West Ins. Servs.*, the Court granted the defendant's "motion to stay execution of the judgment by posting a supersedeas bond in the amount of $2,948,697.40"—the full amount of the judgment. No. 1:13-cv-191, 2019 U.S. Dist. LEXIS 13164, at *2, 7 (S.D. Ohio Jan. 28, 2019).

As in these cases, the Court should approve Defendants' supersedeas bond, which covers more than the full amount of the Court's judgment, *see* Exhibits 1-2, and stay execution of its judgment pending resolution of the appeal. Plaintiff does not oppose Defendants' request to stay execution of the first part of the Court's judgment, which awards her $380,370.45. Doc. 132 at PageID # 6987. Plaintiff opposes Defendants' motion to the extent it seeks a stay of execution of the second part of the Court's judgment, which orders Defendants to "immediately reinstate Plaintiff's LTD benefits and continue to pay her under the terms of the Plan for as long as she remains disabled." *Id.* at PageID # 6988.

The Court should stay the entirety of its judgment upon approval of Defendants' supersedeas bond, not just the first part. In *Puckett v. Siemens Corp. Long Term Disability Plan #502*, the Court stayed the entirety of a similar judgment pending appeal. *Compare* No. 1:07-CV-441, 2008 U.S. Dist. LEXIS 140341, at *36 (S.D. Ohio June 16, 2008) ("This case is REMANDED to the plan administrator with instructions to award Plaintiff long-term disability benefits retroactive to September 1, 2005 and continuing forward therefrom according to the terms of the Plan."), *with* No. 1:07-CV-441, 2008 U.S. Dist. LEXIS 140338, at *3 (S.D. Ohio Dec. 29, 2008) (staying entirety of judgment). The court did not distinguish between the part of

2

its judgment awarding past due benefits and the part of its judgment awarding benefits on a go-forward basis as provided in the plan. *See Puckett*, 2008 U.S. Dist. LEXIS 140338, at *3.

The stay in *Puckett* is consistent with the Federal Rules of Civil Procedure. "Rule [62(b)] suggests that all types of judgments other than those specifically excepted under subsection [(c)] may be stayed pending appeal as a matter of right if the appellant posts a supersedeas bond . . . ."[1] *Tri Cty. Wholesale Distribs. v. Labatt USA Operating Co., LLC*, 311 F.R.D. 166, 173 (S.D. Ohio 2015) (citations omitted). "Rule 62 nowhere refers to declaratory relief." *Id.* at 171. Thus, "[c]ourts addressing entitlement to a stay pursuant to Rule 62[(b)] in cases such as this one—where the judgment appealed is neither clearly for monetary damages nor for injunctive relief, but is declaratory in nature or simply an order of the court—have relied on a deeper inquiry into the nature of the judgment." *Id.* at 173 (citation omitted). They "consider whether the appeal is taken from a monetary judgment or its equivalent, or an injunction or its equivalent." *Id.* If a declaratory judgment is close to a money judgment, the appellant is entitled to a stay as a matter of right upon posting a satisfactory supersedeas bond. *Id.* at 174-75. For example, in *Hebert v. Exxon Corp.*, the court held that a declaratory judgment of insurance coverage was close to a money judgment and could be stayed as a matter of right because the judgment obligated the insurer to pay on the policy. 953 F.2d 936, 938 (5th Cir. 1992).

Here, the second part of the Court's judgment is a declaratory judgment that is most analogous to a money judgment. The section of ERISA on which Plaintiff's claims are based (29 U.S.C. § 1132(a)(1)(B)) allowed her to seek "a declaratory judgment" about her rights under the plan. *See Jeffries v. Prudential Ins. Co.*, No. C-1-01-680, 2003 U.S. Dist. LEXIS 27365, at *6

---

[1] Rule 62 was renumbered in 2018. *See* Fed. R. Civ. P. 62, committee notes to 2018 amendment. Decisions before the 2018 amendment refer to a stay as a matter of right as provided by Rule 62(d), which is now addressed in Rule 62(b).

3

(S.D. Ohio Dec. 4, 2003). The Court has declared Plaintiff's rights in regard to continued long term disability benefits under the Plan and ordered Defendants to continue to pay her those benefits. Doc. 132 at PageID # 6988. As in *Herbert*, this declaratory relief is akin to a money judgment and thus subject to a stay under Rule 62(a). Because Defendants have posted a supersedeas bond that covers the benefits to be paid to Plaintiff during the appeal, *see* Exhibits 1-2, the Court should grant Defendants' motion and stay the entirety of its judgment pending resolution of the appeal.

                                                    Respectfully submitted,

                                                    /s/Eric W. Richardson
Eric W. Richardson (0066530)
Trial Attorney
Wesley R. Abrams (0095746)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45201
Phone: (513) 723-4019
Fax: (513) 852-7885
ewrichardson@vorys.com
wrabrams@vorys.com
*Counsel for Defendants*