**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**CIVIL ACTION NO. 1:17-cv-611 (WOB-KLL)**

**SHERRY LAAKE,**                                                         **PLAINTIFF**

**VS.**                                           <u>**ORDER**</u>

**THE BENEFITS COMMITTEE,**
**WESTERN & SOUTHERN FINANCIAL**
**GROUP COMPANY FLEXIBLE**
**BENEFITS PLAN, ET AL.**                                           **DEFENDANTS**


This matter is before the Court on Defendants' Motion for Stay of Execution Pending Appeal and Approval of Supersedeas Bond. (Doc. 137). After careful consideration, the Court issues the following order.

Pursuant to Fed. R. Civ. Pro. 62(b), a party may obtain a stay as a matter of right by providing a bond or other security. *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Defendants have posted a supersedeas bond for the full amount of the Court's judgment, as well as 12 months' worth of additional disability benefits and post-judgment interest. (Docs. 137-1; 137-2). Plaintiff has no objection to Defendants' Motion for Stay as it relates to the Court's judgment awarding Plaintiff

$380,370.45 in past-due benefits.[1] But Plaintiff asks the Court to deny the Motion as it relates to the Court's order reinstating Plaintiff's LTD benefits, arguing this portion of the Court's order is not subject to an automatic stay. (Doc. 138 at 2).

Both parties agree that the Court's previous order was a declaratory judgment that determined the rights of Plaintiff under the terms of the Plan. But Plaintiff argues that the reinstatement of Plaintiff's LTD benefits is injunctive in nature and therefore not covered under Fed. R. Civ. Pro. 62(b). Defendants argue that the Court's order is equivalent to a monetary judgment because it requires them to pay Plaintiff a monthly amount, and thus it is subject to an automatic stay under Fed. R. Civ. Pro. 62(b). Importantly, Fed. R. Civ. Pro. 62 does not explicitly refer to declaratory judgments, but instead specifies standards for stays involving injunctions and other judgments.

The Court observes that there is not much case law on this issue, and existing case law is inconsistent across circuits. *Compare Puckett v. Siemens Corp. Long Term Disability Plan #502*, No. 1:07-cv-441, 2008 WL 11450456, at *1 (S.D. Ohio Dec. 29, 2008) (staying the entirety of an ERISA disability plan benefits case

---

[1] The Court has discretion to alter the bond amount if it deems necessary. *Sofco Erectors Inc. v. Trs. of the Ohio Operating Eng'rs Pension Fund*, No. 2:19-cv-2238, 2021 WL 858728, at *2 (S.D. Ohio Mar. 8, 2021). However, Plaintiff does not object to the bond amount, and the Court finds it reasonable to secure Plaintiff's rights. *See Maxum Indem. Co. v. Drive W. Ins. Servs.*, No. 1:13-cv-191, 2019 WL 340107, at *2-3 (S.D. Ohio Jan. 28, 2019).

2

pending appeal), *with Hicklin v. Hartford Life & Acc. Ins. Co.*, No. CV 06-4543, 2008 WL 638238, at *2 (C.D. Cal. Feb. 28, 2008) (holding that an order directing an insurance company to pay future LTD benefits was injunctive in nature and not subject to a stay). Absent binding guidance from the Sixth Circuit on the issue, this Court turns to other district courts within this circuit for guidance.

The Court finds *Tri County Wholesale Distributors v. Labatt USA Operating Co.* instructive. 311 F.R.D. 166 (S.D. Ohio Oct. 14, 2015). In that case, the court discussed at great length how declaratory judgments can, in certain circumstances, be monetary in nature and therefore appropriately stayed pursuant to Fed. R. Civ. Pro. 62(b). The Court need not reiterate the entirety of Chief Judge Marbley's reasoning, but instead hereby incorporates it by reference. *Id.* at 171–77. The primary question courts addressing entitlement to a stay pursuant to Rule 62(b) need to answer is "whether the appeal is taken from a monetary judgment or its equivalent, or an injunction or its equivalent." *Id.* at 173 (citing *Yankton Sioux Tribe v. S. Mo. Waste Mgmt. Dist.*, 926 F. Supp. 888, 889–91 (D.S.D. Feb. 29, 1996)).

Plaintiff cites factually analogous cases from the Central District of California that held that the reinstatement of LTD benefits is injunctive in nature, but the Court is not persuaded by the reasoning of these opinions. *See, e.g., Hicklin*, 2008 WL

3

638238. Specifically, those opinions failed to address the different enforcement mechanisms under ERISA.

Plaintiff in this case brought her claims pursuant to Section 502(a)(1)(B), which is the statutory vehicle for a claimant seeking legal, monetary relief. *Hampton v. Henry Ford Health Sys.*, No. 4-CV-70221, 2005 WL 2246928, at *7 (E.D. Mich. Sept. 15, 2005). Section 502(a)(1)(B) allows for the claimant to enforce her rights under the terms of the plan and to clarify her rights to future benefits. The Sixth Circuit has observed that "ERISA § 502(a)(3), which authorizes only suits for injunctive or other equitable relief, does not, in most situations, authorize an action for money claimed to be due and owing." *Crosby v. Bowater Inc. Ret. Plan for Salaries Emps. of Great N. Paper, Inc.*, 382 F.3d 587, 589 (6th Cir. 2004). The Court is therefore unpersuaded that the declaratory judgment ordering the reinstatement of LTD benefits is injunctive in nature.

Rather, the Court finds that the Court's order is monetary in nature. The reinstatement of LTD benefits requires Defendants to pay Plaintiff a certain amount of money per month. "In essence, the judgment determines that [Defendants] must relinquish the distribution rights over which they currently have possession, and those distribution rights are worth a specific sum of money." *Tri County*, 311 F.R.D. at 174. Therefore, the Court holds that the judgment is subject to a stay pursuant to Fed. R. Civ. Pro. 62(b)

4

given that Defendants have posted an appropriate bond amount.  *See also Puckett*, 2008 WL 11450456, at *1 (staying the entirety of an ERISA disability plan benefits case pending appeal).

"It is undisputed that the purpose of the supersedeas bond not only is to preserve the status quo for the sake of the appellant, but also to secure the appellee from loss resulting from a stay of execution, as well as to compensate [her] for the deprivation of the immediate benefits of its judgment." *Tri County*, 311 F.R.D. at 176.  Here, if the Sixth Circuit affirms the Court's judgment, it will be relatively simple to calculate the monetary damage Plaintiff incurred while the case was being appealed.  Additionally, Defendants have already posted a bond for up to 12 months of additional LTD benefits and post-judgment interest.  Although Plaintiff will likely suffer some financial hardship because of the stay, her harm is safeguarded through the posting of the bond.  *Id.* at 177.

For the above reasons, the Court finds that Defendants' filing of the supersedeas bond entitles them to a stay of the entire judgment pursuant to Fed. R. Civ. Pro. 62(b).  Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion for Stay of Execution Pending Appeal, (Doc. 137), be, and is hereby, **GRANTED.**

2. The supersedeas bond amount be, and is hereby, **APPROVED.**

5

This 26th day of April 2022.



Signed By:

*__William O. Bertelsman__* WOB

**United States District Judge**